U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 2 2015

TONY R. MOORE, CLERK
BY _____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **RANDY PAUL DAVIS (#581779)** | **DOCKET NO. 15-cv-1433; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Randy Paul Davis, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on April 27, 2015. [Doc. #1] Petitioner is a pretrial detainee at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he is being unlawfully detained in violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner has filed several civil suits in this Court. According to the petitions and exhibits, in January 2009, Petitioner was charged with possession of stolen firearms, possession of a controlled dangerous substance schedule II, and possession of a firearm in the presence of a controlled dangerous substance, possession of drug paraphernalia, and possession of a firearm with an obliterated number or mark. [Docket #1:15-cv-511, Doc. #1-2, p.4, 40-41] On April 4, 2011, the day of trial, Petitioner entered a plea of guilty to possession of schedule II

narcotics pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), and he was sentenced to a suspended term of three years of imprisonment and two years of supervised probation. Petitioner's probation was revoked on January 10, 2013, and his suspended three year sentence was imposed. [Docket #1:15-cv-511, Doc. #1, p.13] Petitioner attempted to challenge his 2011 conviction in this Court in 2013, but the petition was denied as time-barred. [Docket #1:13-cv-546 Davis v. Natchitoches Parish Detention Center]

On October 25, 2013, Petitioner was released from jail on supervision via diminution of sentence, with a probation end date of August 13, 2015. [Docket #1:15-cv-511 Doc. #1, p.26] However, on January 2, 2015, Petitioner was arrested by the Natchitoches Parish Sheriff's Office on a felony stalking charge. [Docket #1:15-cv-511, Doc. #1, p.26] Since Petitioner was still on probation, a hold was placed for a possible probation/parole violation. In his prior petition in this Court, Davis complained that stalking was a misdemeanor, so he should not have received a felony hold from probation and parole and should not have been denied bond. That petition was dismissed because Davis's conviction was not yet final and unexhausted. [Docket #1:15-511]

In this Petition, Davis complains of the same allegedly unlawful pretrial detention. He also claims that he has been denied his right to speedy trial.

*Law and Analysis*

Petitioner is a pre-trial detainee who is challenging his present detention. Thus, his petition is properly filed as seeking relief pursuant to 28 U.S.C. §2241, which applies to persons in custody awaiting trial who have not yet been convicted. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

The requirement of exhaustion of state court remedies in a federal habeas corpus proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson, 816 F.2d at 225; Picard v. Connor, 404 U.S. 270, 275, (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair

opportunity to review all of the habeas corpus claims. See Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982).

With regard to habeas petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. See Dickerson, 816 F.2d at 224-225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); Robinson v. Wade, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation."). Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. See Dickerson, 816 F.2d at 225, citing Braden, 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493, 93 S.Ct. at 1129; Dickerson, 816 F.2d at 225-226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning

of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. See Dickerson, 816 F.2d at 225. In Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976).

Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Further, through the Motion to Quash, Louisiana criminal defendants may raise the issue of the timeliness of their prosecution. See La. C.Cr.P. arts. 531 *et seq.*, and, arts. 571 *et seq*.

Petitioner states that he filed a petition for writ of habeas corpus in Natchitoches Parish, which was denied. He does not allege that he sought to invoke the supervisory jurisdiction of the appropriate court of appeals and, if necessary, the Louisiana Supreme Court. His federal habeas corpus petition must be dismissed

absent proof on Petitioner's part that he fairly presented his claims to the Tenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus under Section 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE